UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
====================================
DORIAN COOPER
and LAMAR BRAZZLE                                        NOTICE OF REMOVAL

                              Plaintiffs,

vs.

CITY OF BUFFALO, CITY OF BUFFALO
POLICE OFFICER AHMED ABDO; CITY OF
BUFFALO POLICE OFFICER JOSEPH MELI;
CITY OF BUFFALO POLICE OFFICER VINCENT JUDGE;
CITY OF BUFFALO POLICE OFFICER ADAM O'SHEI;
CITY OF BUFFALO POLICE OFFICER COURTNEY TRIPP;

                              Defendants.
====================================

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK:

       **PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. §§1441 and 1446,

Defendants, above-named, by their attorney, Cavette A. Chambers, Corporation

Counsel, Robert E. Quinn, of counsel, hereby remove to this Court the civil action

filed in New York State Supreme Court, Erie County, bearing Index Number

805108/205. In support of this notice, defendants state that:

       1.      Plaintiff filed a summons and complaint against the defendants in

state court on March 23, 2025. Upon information and belief, the defendants were

served with the pleading on or about April 3, 2025.

       2.      An index identifying each document filed or served in the state court

action in chronological order is attached hereto at page 3. Copies of these

documents are attached hereto as exhibits.

3.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the plaintiff's complaint asserts claims arising under, inter alia, 42 U.S.C. §1983.

4.     Venue is proper pursuant to 28 U.S.C. §1441(a) as this Court is the federal district court for the district embracing the place where the state court action is pending.

**WHEREFORE**, defendants file this notice of removal so that the action now pending in state court is removed to this Court for all further proceedings.

Dated: March 24, 2025
       Buffalo, New York


CAVETTE A. CHAMBERS, ESQ.
Corporation Counsel
Attorney for Defendants

By: */s/Robert E. Quinn*
Deputy Corporation Counsel
City of Buffalo Law Department
65 Niagara Square, 1114 City Hall
Buffalo, New York 14202
(716) 851-4326
rquinn@city-buffalo.com

**INDEX OF DOCUMENTS FILED OR SERVED IN STATE COURT PRIOR TO REMOVAL**

Exh. A:  Plaintiffs' Summons and Complaint.

Exh. B:  Affirmations of mailing and service.

Exh. C:  Defendants' Answer.

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that promptly after filing the foregoing notice of removal in this Court, I will file the notice and attachments being filed with this Court on the New York State Courts Electronic Filing System, which will give notice to plaintiff and State Court of the removal.

Dated:      May 5, 2025
            Buffalo, New York

                              */s/Robert E. Quinn*
                              Deputy Corporation Counsel



# CITY OF BUFFALO

## DEPARTMENT OF LAW

# EXHIBIT

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

DORIAN COOPER
and LAMAR BRAZZLE                                          **SUMMONS**

                                    *Plaintiffs*,

vs.

CITY OF BUFFALO                              Index No.:
65 Niagara Square
Buffalo, New York 14202                      The basis of venue is the
                                             Defendants' Place of Business

CITY OF BUFFALO POLICE OFFICER
AHMED ABDO, individually and in official capacity        Plaintiff designates Erie County
68 Court Street                                          as the place of trial
Buffalo, New York 14202

CITY OF BUFFALO POLICE OFFICER
JOSEPH MELI, individually and in official capacity
68 Court Street
Buffalo, New York 14202

CITY OF BUFFALO POLICE OFFICER
VINCENT JUDGE, individually and in official capacity
68 Court Street
Buffalo, New York 14202

CITY OF BUFFALO POLICE OFFICER
ADAM O'SHEI, individually and in official capacity
68 Court Street
Buffalo, New York 14202

CITY OF BUFFALO POLICE OFFICER
COURTNEY TRIPP, individually and in official capacity
68 Court Street
Buffalo, New York 14202

                                    *Defendants*.

TO THE ABOVE-NAMED DEFENDANTS:

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve

a copy of your Answer, or, if the Complaint is not served with the Summons, to serve a Notice of

Appearance, on the Plaintiff's attorneys within TWENTY (20) DAYS after the service of this

Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is

complete if this Summons is not personally delivered to you within the State of New York); and

in case of your failure to appear or answer, judgment will be taken against you by default for the

relief demanded in the Complaint.

DATED:          Buffalo, New York
                March 23, 2025          **PENBERTHY LAW GROUP LLP**

        By:   *s/Brittanylee Penberthy, Esq.*
        BRITTANYLEE PENBERTHY, ESQ.
        Attorneys for Plaintiff
        Office and P.O. Address
        227 Niagara Street
        Buffalo, New York 14201
        (716) 803-8402

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

DORIAN COOPER
and LAMAR BRAZZLE                                    **COMPLAINT**

                        *Plaintiffs,*

vs.

CITY OF BUFFALO                                      Index No.:
65 Niagara Square
Buffalo, New York 14202

CITY OF BUFFALO POLICE OFFICER
AHMED ABDO, individually and in official capacity
68 Court Street
Buffalo, New York 14202

CITY OF BUFFALO POLICE OFFICER
JOSEPH MELI, individually and in official capacity
68 Court Street
Buffalo, New York 14202

CITY OF BUFFALO POLICE OFFICER
VINCENT JUDGE, individually and in official capacity
68 Court Street
Buffalo, New York 14202

CITY OF BUFFALO POLICE OFFICER
ADAM O'SHEI, individually and in official capacity
68 Court Street
Buffalo, New York 14202

CITY OF BUFFALO POLICE OFFICER
COURTNEY TRIPP, individually and in official capacity
68 Court Street
Buffalo, New York 14202

                        *Defendants.*

_____

        Plaintiffs, above named, by their attorneys, PENBERTHY LAW GROUP LLP, for their

Complaint against the defendants, CITY OF BUFFALO, CITY OF BUFFALO POLICE

OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP, alleges as follows:

<strong><u>CONDITIONS PRECEDENT TO SUIT</u></strong>

1.      The condition precedent to suit concerning New York General Municipal Law §50-e's Notice of Claim requirements have been performed.

<strong><u>PARTIES</u></strong>

2.      Plaintiff LAMAR BRAZZLE, at all times hereinafter mentioned was and still is a resident of the City of Buffalo, located within the County of Erie and the State of New York.

3.      Plaintiff DORIAN COOPER, at all times hereinafter mentioned was and still is a resident of the State of Kentucky.

4.      Defendant, CITY OF BUFFALO, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

5.      City of Buffalo Police Department is part of Defendant CITY OF BUFFALO government.

6.      Upon information and belief, at all times hereinafter mentioned, Defendant CITY OF BUFFALO did/do employ Defendants CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP as police officers within City of Buffalo Police Department.

7.      Upon information and belief, at all times hereinafter mentioned, Defendants CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP was and still are residents of the County of Erie and the State of New York. Defendants CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP are sued in their individual and official capacities.

4

8.    Upon information and belief, at all times hereinafter mentioned, Defendants CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP, at all relevant times mentioned herein, were acting in their capacity as police officers in accordance with the policies, directives, initiatives, both express, implied, and as a matter of custom of the municipal defendant, CITY OF BUFFALO.

9.    Because at all times the defendant officers were acting within the scope of their employment with Defendant CITY OF BUFFALO, it is vicariously liable for their officers under the doctrine of respondeat superior.

10.    Hereafter, reference to "Defendants" shall be deemed to include all named Defendants, and each of them, unless otherwise indicated, and is not intended to circumvent specificity of a defendant's actions.

## STATEMENT OF FACTS

11.    Upon information and belief, on or about March 23, 2024, at approximately 5:56pm, Plaintiff LAMAR BRAZZLE was operating in a motor vehicle, with Plaintiff DORIAN COOPER as a passenger, in the vicinity of Hudson Street and Busti Avenue in the City of Buffalo, County of Erie, State of New York when his vehicle was stopped by defendant police officers CITY OF BUFFALO POLICE OFFFICERS AHMED ABDO and JOSEPH MELI relative a traffic infraction, which does not constitute crimes under the laws of the State of New York.

12.    CITY OF BUFFALO POLICE OFFFICERS AHMED ABDO and JOSEPH MELI participated in the subject stop, unlawful search, and false arrest of Plaintiffs.

13.    LIEUTENANTS VINCENT JUDGE, COURTNEY TRIPP, and ADAM O'SHEI were supervisors called to the scene to assist in the subject stop, unlawful search, and false arrest of Plaintiffs.

5

14.     Though conducting a traffic stop on operator Plaintiff LAMAR BRAZZLE, officers requested identification of passenger Plaintiff DORIAN COOPER, which is not required, having not been accused of committing any crimes.

15.     Defendant CITY OF BUFFALO POLICE OFFFICERS AHMED ABDO and JOSEPH MELI requested Plaintiff COOPER remove items from his jacket, including an empty beer can, thereafter suggesting Plaintiff be subject to a search, again absent any lawful probable cause.

16.     Eventually Defendants placed Plaintiff COOPER in custody, initially within a police car on scene, purportedly over the possession of drugs, along with Plaintiff BRAZZLE.

17.     Neither plaintiff consented to the aforementioned unlawful seizure.

18.     Thereafter, officers, without probable or lawful cause, searched the subject vehicle and Defendant CITY OF BUFFALO POLICE OFFFICER MELI alleges to have recovered a gun from a "hidden compartment" of Plaintiffs' vehicle.

19.     The actions of officers CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, COURTNEY TRIP, and ADAM O'SHEI were insufficient to warrant the ensuing prolonged stop, search, patdown, detention and subsequent arrest of Plaintiffs.

20.     Upon information and belief, a number of Defendant CITY OF BUFFALO police officers idly watched, failed to intervene or intercede, and or participated in the search of Plaintiffs and of Plaintiffs' property, and the arrest of Plaintiffs as a result of the unlawful and lengthy stop and illegal searches, including but not limited to Defendants CITY OF BUFFALO POLICE OFFICERS VINCENT JUDGE, COURTNEY TRIPP, and ADAM O'SHEI.

21.     In accordance with the complaints made by Defendant CITY OF BUFFALO POLICE
OFFFICER ABDO, Plaintiffs were charged with violating, minimally, Penal Law § 265.03,
190.23, 220.16-1, and 220.16-12.

22.     Plaintiffs were improperly detained, searched, and ultimately wrongfully arrested, all in
violation of their constitutional rights.   Plaintiffs were further subjected to excessive, unnecessary
force by Defendant officers.

23.     Following a felony hearing, on or about July 12, 2024, the District Attorney's Office moved
to dismiss all charges against Plaintiffs.

24.     Plaintiff LAMAR BRAZZLE was wrongly detained in custody as a result of the
aforementioned unconstitutional incident for no less than 29 days, having posted bail, while
Plaintiff DORIAN COOPER was wrongly incarcerated for 110 days.

25.     Upon information and belief, Plaintiffs involuntary, and unlawful, detention occurred at
both Erie County Correctional Facility ("ECCF") and Erie County Holding Center ("ECHC").

26.     During the aforementioned period of detention, Plaintiffs suffered personal injury and harm
when their medical conditions were not promptly and appropriately addressed; failed to properly
assess and manage the heightened dental infection of Plaintiff Brazzle; failed to elevate Plaintiff
Brazzle's level of medical care and treatment, including removal to an outside facility for
immediate treatment of his ongoing dental needs; and denied or delayed for excessive periods the
provision of necessary and specialty care, including dental treatment of Plaintiff Brazzle.

27.     Upon Plaintiff Brazzle's release of custody, emergency treatment for the medical
complaints unattended in the facility were necessary.

28.     Body camera footage of the subject incident corroborate Plaintiffs' contention their criminal charges were the result of deliberate malicious violations of constitutional rights, with the intent to pursue unlawful searches and meritless criminal charges at the expense of one's rights.

29.     Defendants police officers AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, COURTNEY TRIPP, and ADAM O'SHEI exceeded the bounds of a normal traffic stop by preventing Plaintiffs from leaving, ultimately detaining and searching Plaintiffs and their vehicle for an extended, unnecessary period of time.

30.     Defendants AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, COURTNEY TRIPP, and ADAM O'SHEI, while acting under color of state law, without probable cause or legal privilege or justification to do so, unlawfully detained, searched, confined, handcuffed, took into custody, transported via motor vehicle and effectuated the arrest of the Plaintiffs, on certain baseless criminal charges, in violation of their constitutional rights.

31.     Defendants CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP are responsible for all harms caused to Plaintiffs while in custody as a result of the unlawful and illegal arrest.

**AS AND FOR A FIRST CAUSE OF ACTION, COMMON LAW**
**MALICIOUS PROSECUTION, AGAINST DEFENDANTS CITY OF BUFFALO, CITY**
**OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT**
**JUDGE, ADAM O'SHEI, AND COURTNEY TRIPP, ABOVE-NAMED,**
**THE PLAINTIFFS, LAMAR BRAZZLE AND DORIAN COOPER, ALLEGE:**

32.     The allegations in this Complaint as stated in paragraphs "1" through "31" are repeated and realleged herein as if restated in their entirety.

33.     Defendants CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP commenced unjustifiable

litigation against Plaintiffs when the defendant City of Buffalo officers pressed charges absent any true probable cause and justifiable reason to search Plaintiffs or their property.

34.    All criminal charges filed by Defendants CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP as against Plaintiffs were dismissed by the District Attorney's motion.

35.    Defendants CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP purposely filed false and baseless charges, acting with malice and the intent to cause Plaintiffs needless harm.

36.    As a result of the foregoing, the plaintiffs have sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION, FOR VIOLATION OF CONSTITUTIONAL AMENDMENTS AS PER 42 U.S.C. §1983 FOR THE UNLAWFUL DETAINMENT, AGAINST DEFENDANTS CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, AND COURTNEY TRIPP, ABOVE-NAMED, THE PLAINTIFFS, LAMAR BRAZZLE AND DORIAN COOPER, ALLEGE:**

37.    The allegations in this Complaint as stated in paragraphs "1" through "36" are repeated and realleged herein as if restated in their entirety.

38.    To maintain a claim for unlawful detainment a plaintiff must establish: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement, and; (4) the confinement was not otherwise privileged. See Bernard v. United States, 25 F. 3d 98, 102 (2d Cir. 1994).

39.    On or about March 23, 2024, CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP intended to

confine the Plaintiffs as evinced by said Defendant officers detaining Plaintiffs without any legal

basis to do so when there was no legal justification not to simply issue a citation for the alleged

traffic offense and had the lawful authority to leave the scene but for the Defendant officers'

unlawful acts, which without consent or probable cause, caused Plaintiffs to be detained, while

themselves and their vehicle were subjected to an unlawful search.

40.    Defendants continued to confine Plaintiffs, by placing them within in a police car,

ultimately arresting them, and incarcerating them without the requisite probable cause to do so.

41.    As a result of the foregoing, the plaintiffs have sustained general and special damages in

an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION, FOR VIOLATION OF
CONSTITUTIONAL AMENDMENTS AS PER 42 U.S.C. §1983 FOR THE UNLAWFUL
SEARCH, AGAINST DEFENDANTS CITY OF BUFFALO, CITY OF BUFFALO
POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM
O'SHEI, AND COURTNEY TRIPP, ABOVE-NAMED,
THE PLAINTIFFS, LAMAR BRAZZLE AND DORIAN COOPER, ALLEGE:**

42.    The allegations in this Complaint as stated in paragraphs "1" through "41" are repeated

and realleged herein as if restated in their entirety.

43.    The Fourth Amendment of the United States Constitution protects the citizenry for

unreasonable searches. "[S]earches conducted outside the judicial process, without prior approval

by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a

few specifically established and well-delineated exceptions." Katz v. United States, 389 US 347,

357 (1967).

44.    On or about March 23, 2024, Plaintiffs were subjected to a warrantless search of their

person and their vehicle (or vehicle they had a possessory interest in) after they were unlawfully

detained by the Defendants CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH

MELI, VINCENT JUDGE, ADAM O'SHEI, AND COURTNEY TRIPP. Plaintiffs did not willingly consent to any such search and the circumstances did not consist of the Officer Defendants seeking Plaintiffs' consent to search. Such search was objectively unreasonable and unlawful in nature.

45.    Plaintiffs' vehicle was subject to an unauthorized and unlawful search, and they were unlawfully frisked by said Defendants.

46.    In the incident of March 23, 2024, Plaintiffs' vehicle should not have been impounded pursuant to the Buffalo Police Department's own policies and procedures and pursuant to established state law, as well as the Fourth Amendment of the U.S. Constitution.

47.    As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION, FOR VIOLATION OF CONSTITUTIONAL AMENDMENTS AS PER 42 U.S.C. §1983 FOR MALICIOUS PROSECUTION, AGAINST DEFENDANTS CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, AND COURTNEY TRIPP, ABOVE-NAMED, THE PLAINTIFFS, LAMAR BRAZZLE AND DORIAN COOPER, ALLEGE:**

48.    The allegations in this Complaint as stated in paragraphs "1" through "47" are repeated and realleged herein as if restated in their entirety.

49.    To prevail on a § 1983 claim for malicious prosecution, a Plaintiff must plead (1) the initiation or continuation of a criminal proceeding; (2) termination of the proceeding in his favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the Defendants' actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997).

50.    Plaintiffs can show all of the above elements existed in relation to them being prosecuted for the offenses claimed in the incident of March 23, 2024, wherein there was no cause for their

detention nor subsequent arrest, the charges were dismissed, and malice existed against Plaintiffs herein.

51. Importantly, "fruits" (i.e. guns) of an unlawful search and seizure do not justify the unconsituttional acts committed by Defendants CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP.

52. Upon information and belief, the testimony of the Defendant officers at the felony hearing indicated the officers deliberate intent to deceive Plaintiffs and commit unlawful acts against them, and in proceeding with the same, was malicious in the charging of Plaintiffs.

53. As detailed above, Defendants CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP lacked probable cause to initiate the above-referenced proceedings and institute charges against the Plaintiffs on the subject incident, as well as continue with these charges until they were dismissed on the merits.

54. As the lack of probable cause to initiate these proceedings has been sufficiently pled, there is no need to independently plead malice. Malice can be inferred from the lack of probable cause. Cruz v. City of New York, No. 08 Civ. 8640 (LAP), 2010 WL 3020602, at *6 (S.D.N.Y. July 27, 2010); Bleiwas v. City of New York, No. 15 CIV. 10046 (ER), 2017 WL 3524679, at *6 (S.D.N.Y. Aug. 15, 2017). 52.

55. The Defendant officers' actions deprived Plaintiffs of their due process rights and their right to be free from unreasonable restraint upon their liberty under the Fourth and Fourteenth Amendments.

56. Plaintiffs received a favorable termination on the criminal charges lodged against them.

57.     As a result of the foregoing, the plaintiffs have sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION, FOR VIOLATION OF CONSTITUTIONAL AMENDMENTS AS PER 42 U.S.C. §1983 FOR FALSE ARREST, AGAINST DEFENDANTS CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, AND COURTNEY TRIPP, ABOVE-NAMED, THE PLAINTIFFS, LAMAR BRAZZLE AND DORIAN COOPER, ALLEGE:

58.     The allegations in this Complaint as stated in paragraphs "1" through "57" are repeated and realleged herein as if restated in their entirety.

59.     Defendants CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP had no lawful basis to support the arrest of Plaintiffs.

60.     Defendant officers lacked reasonable suspicion that Plaintiffs committed any crimes or was committing any crimes, and the stop of Plaintiffs or scope thereof was excessive under the circumstances, especially since Plaintiff Brazzle was a duly licensed available driver before any search of the subject vehicle.

61.     As a result of the foregoing, the plaintiffs have sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SIXTH CAUSE OF ACTION, FOR COMMON LAW FALSE IMPRISONMENT, AGAINST DEFENDANTS CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, AND COURTNEY TRIPP, ABOVE-NAMED, THE PLAINTIFFS, LAMAR BRAZZLE AND DORIAN COOPER, ALLEGE:

62.     The allegations in this Complaint as stated in paragraphs "1" through "61" are repeated and realleged herein as if restated in their entirety.

13

63.     Defendants CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI,

VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP falsely and unlawfully imprisoned

Plaintiffs, without their consent and without privilege or lawful justification.

64.     This action falls within one or more of the exceptions set forth in CPLR § 1602.

65.     As a result of the foregoing, the plaintiffs have sustained general and special damages in

an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction.

### AS AND FOR A SEVENTH CAUSE OF ACTION, FOR COMMON LAW ILLEGAL SEARCH, AGAINST DEFENDANTS CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, AND COURTNEY TRIPP, ABOVE-NAMED, THE PLAINTIFFS, LAMAR BRAZZLE AND DORIAN COOPER, ALLEGE:

66.     The allegations in this Complaint as stated in paragraphs "1" through "65" are repeated

and realleged herein as if restated in their entirety.

67.     Defendants CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICERS AHMED

ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, and COURTNEY TRIPP, jointly

and severally, and at all times acting under the color of State Law, unlawfully searched the person

and property of Plaintiffs where the aforementioned Defendants lacked any founded suspicion

criminal activity was afoot, reasonable suspicion, or probable cause to search the Plaintiffs' person

or property.

68.     As a result of the foregoing, the plaintiffs have sustained general and special damages in

an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction.

69.     Wherefore, Plaintiff prays for judgment as herein set forth below.

70.    As a result of the foregoing claims, the Plaintiffs request recovery for reasonable attorney's fees and costs pursuant to pursuant to 42 U.S.C. §1988 and Fed. R. Civ. P. Rule 54.

71.    Plaintiffs seek an award for punitive damages against the individual named defendants in an amount sufficient to punish them and deter others from similar conduct.

WHEREFORE, Plaintiffs LAMAR BRAZZLE and DORIAN COOPER demand judgment against Defendants CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICERS AHMED ABDO, JOSEPH MELI, VINCENT JUDGE, ADAM O'SHEI, AND COURTNEY TRIPP, in the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED:        Buffalo, New York
              March 23, 2025                    **PENBERTHY LAW GROUP LLP**

                                                By:    *s/Brittanylee Penberthy, Esq.*
                                                BRITTANYLEE PENBERTHY, ESQ.
                                                Attorneys for Plaintiffs
                                                Office and P.O. Address
                                                227 Niagara Street
                                                Buffalo, New York 14201
                                                (716) 803-8402

15



# CITY OF BUFFALO

## DEPARTMENT OF LAW

# EXHIBIT

# B

Case 1:25-cv-00395-LJV    Document 1    Filed 05/05/25    Page 22 of 38

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

| DORIAN COOPER | Plaintiff(s) | **AFFIRMATION OF MAILING** |
|---|---|---|
| - against - | | |
| CITY OF BUFFALO, ET AL. | Defendant(s) | Index #: 805108/2025 |

Our Job #: 7077893

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE)**

On **04/03/2025**, I completed service by mailing a true copy of the documents in a sealed postage paid envelope, bearing the legend "Personal and Confidential" and not indicating on the outside thereof that the communication is from an attorney or concerns an action against the person to be served, properly addressed to **CITY OF BUFFALO POLICE OFFICER AHMED ABDO, INDIVIDUALLY AND IN OFFICIAL CAPACITY** at: **68 COURT ST, BUFFALO, NY 14202** by USPS First Class Mail.

Pursuant to NY CPLR 2106-I affirm on 3rd day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**Jacqueline L. Balikowski**

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

DORIAN COOPER

Plaintiff(s)

- against -

CITY OF BUFFALO, ET AL.

Defendant(s)

**AFFIRMATION OF SERVICE**
SUITABLE AGE PERSON

Index #: 805108/2025



Our Job #: 7077893

**CHRISTOPHER HARPER**, hereby subscribes and affirms that: I am over the age of 18 years, not a party to this action, and reside in the State of New York.

On **Thursday, April 03, 2025 at 1:51 PM** at **68 COURT ST, BUFFALO, NY 14202**

I served the within **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE)**, bearing Index # **805108/2025**

On **CITY OF BUFFALO POLICE OFFICER AHMED ABDO, INDIVIDUALLY AND IN OFFICIAL CAPACITY** in the following manner:

**SUITABLE AGE PERSON:** By personally delivering a true copy the documents to **Jacqueline Betts, Report Technician (CO-WORKER)**, a person of suitable age and discretion who confirmed that this was the place of employment/usual place of business of **CITY OF BUFFALO POLICE OFFICER AHMED ABDO, INDIVIDUALLY AND IN OFFICIAL CAPACITY.**

Approximate Description of Person Documents Were Left With:
Sex: **Female**, Skin/Race: **Black or African American**, Hair Color: **Black**, Age: **45-55**, Height: **5ft 4in - 5ft 8in**, Weight: **175-200**

**Military Status:** I asked the person the documents were left with if Defendant(s) was in the military service whatsoever but the party served did not have knowledge sufficient enough to provide an answer.

Pursuant to NY CPLR 2106-I affirm on 3rd day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____
**CHRISTOPHER HARPER**
Process Server

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
127 Niagara St.
Buffalo, NY 14201

DORIAN COOPER

Plaintiff(s)

- against -

CITY OF BUFFALO, ET AL.

Defendant(s)

**AFFIRMATION OF SERVICE**
SUITABLE AGE PERSON

Index #: **805108/2025**

Our Job #: 7077897



**CHRISTOPHER HARPER,** hereby subscribes and affirms that: I am over the age of 18 years, not a party to this action, and reside in the State of New York.

On **Thursday, April 03, 2025** at **1:51 PM** at **68 COURT ST, BUFFALO, NY 14202**

I served the within **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE),** bearing Index # **805108/2025**

On **CITY OF BUFFALO POLICE OFFICER COURTNEY TRIPP, INDIVIDUALLY AND IN OFFICIAL CAPACITY** in the following manner:

**SUITABLE AGE PERSON:** By personally delivering a true copy the documents to **Jacqueline Betts,** Report Technician **(CO-WORKER),** a person of suitable age and discretion who confirmed that this was the place of employment/usual place of business of **CITY OF BUFFALO POLICE OFFICER COURTNEY TRIPP, INDIVIDUALLY AND IN OFFICIAL CAPACITY.**

Approximate Description of Person Documents Were Left With:
Sex: **Female,** Skin/Race: **Black or African American,** Hair Color: **Black,** Age: **45-55,** Height: **5ft 4in - 5ft 8in,** Weight: **175-200**

**Military Status**: I asked the person the documents were left with if Defendant(s) was in the military service whatsoever but the party served did not have knowledge sufficient enough to provide an answer.

Pursuant to NY CPLR 2106-I affirm on 3rd day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____
**CHRISTOPHER HARPER**
Process Server

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Scrvice@WNYProcess.com

1 of 1

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

| | | |
|---|---|---|
| **DORIAN COOPER** | Plaintiff(s) | **AFFIRMATION OF SERVICE** |
| - against - | | **GOVERNMENT AGENCY** |
| **CITY OF BUFFALO, ET AL.** | Defendant(s) | Index #: **805108/2025** |

Our Job #: 7077892



**CHRISTOPHER HARPER**, hereby subscribes and affirms that: I am over the age of 18 years, not a party to this action, and reside in the State of New York.

On **Thursday, April 03, 2025** at **1:23 PM** at **65 NIAGARA SQ, STE 1100, BUFFALO, NY 14202**

I served a true copy of the within **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE)**, bearing Index # **805108/2025**

On **CITY OF BUFFALO** in the following manner:

By personally delivering a true copy of the above described documents to **Evelyn Soto**, **Legal Secretary**, **Agent for Legal Process** of the within named government agency.

**Approximate Description of Person The Documents Were Left With:**
Sex: **Female**, Skin/Race: **Hispanic or Latino**, Hair Color: **Black**, Age: **35-45**, Height: **5ft 4in - 5ft 8in**, Weight: **100-125**

Pursuant to N.Y. CPLR 2106-I affirm on 3rd day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X_____
**CHRISTOPHER HARPER**
Process Server

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

Supreme Court of The State of New York          Pe iberthy Law Group, LLP
County of Erie          22⁷ Niagara St.
          Buffalo, NY 14201

| | | |
|---|---|---|
| **DORIAN COOPER** | | **AFFIRMATION OF** |
| | Plaintiff(s) | **MAILING** |
| - against - | | |
| **CITY OF BUFFALO, ET AL.** | | |
| | Defendant(s) | Index #: **805108/2025** |

Our Job #: 7077895

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE)**

On **04/03/2025**, I completed service by mailing a true copy of the documents in a sealed postage paid envelope, bearing the legend "Personal and Confidential" and not indicating on the outside thereof that the communication is from an attorney or concerns an action against the person to be served, properly addressed to **CITY OF BUFFALO POLICE OFFICER VINCENT JUDGE, INDIVIDUALLY AND IN OFFICIAL CAPACITY** at: **68 COURT ST, BUFFALO, NY 14202** by USPS First Class Mail.

Pursuant to NY CPLR 2106-I affirm on 3rd day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true and I understand that this document may be filed in an action or proceeding in a court of law.

**Jacqueline L. Balikowski**

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

1 of 1

Case 1:25-cv-00395-LJV    Document 1    Filed 05/05/25    Page 27 of 38

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

| | |
|---|---|
| DORIAN COOPER | |
| Plaintiff(s) | **AFFIRMATION OF SERVICE** |
| - against - | SUITABLE AGE PERSON |
| CITY OF BUFFALO, ET AL. | |
| Defendant(s) | Index #: 805108/2025 |

Our Job #: 7077895



**CHRISTOPHER HARPER**, hereby subscribes and affirms that: I am over the age of 18 years, not a party to this action, and reside in the State of New York.

On **Thursday, April 03, 2025** at **1:51 PM** at **68 COURT ST, BUFFALO, NY 14202**

I served the within **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE)**, bearing Index # **805108/2025**

On **CITY OF BUFFALO POLICE OFFICER VINCENT JUDGE, INDIVIDUALLY AND IN OFFICIAL CAPACITY** in the following manner:

**SUITABLE AGE PERSON:** By personally delivering a true copy the documents to **Jacqueline Betts, Report Technician (CO-WORKER)**, a person of suitable age and discretion who confirmed that this was the place of employment/usual place of business of **CITY OF BUFFALO POLICE OFFICER VINCENT JUDGE, INDIVIDUALLY AND IN OFFICIAL CAPACITY.**

Approximate Description of Person Documents Were Left With:
Sex: **Female**, Skin/Race: **Black or African American**, Hair Color: **Black**, Age: **45-55**, Height: **5ft 4in - 5ft 8in**, Weight: **175-200**

**Military Status:** I asked the person the documents were left with if Defendant(s) was in the military service whatsoever but the party served did not have knowledge sufficient enough to provide an answer.

Pursuant to NY CPLR 2106-I affirm on 3rd day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____
**CHRISTOPHER HARPER**
Process Server

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

Case 1:25-cv-00395-LJV   Document 1   Filed 05/05/25   Page 28 of 38

**Supreme Court of The State of New York**
**County of Erie**

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

| | | |
|---|---|---|
| **DORIAN COOPER** | Plaintiff(s) | **AFFIRMATION OF MAILING** |
| - against - | | |
| **CITY OF BUFFALO, ET AL.** | Defendant(s) | Index #: **805108/2025** |

Our Job #: 7077894

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE)**

On **04/03/2025**, I completed service by mailing a true copy of the documents in a sealed postage paid envelope, bearing the legend "Personal and Confidential" and not indicating on the outside thereof that the communication is from an attorney or concerns an action against the person to be served, properly addressed to **CITY OF BUFFALO POLICE OFFICER JOSEPH MELI, INDIVIDUALLY AND IN OFFICIAL CAPACITY** at: **68 COURT ST, BUFFALO, NY 14202** by USPS First Class Mail.

Pursuant to NY CPLR 2106-I affirm on 3rd day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Jacqueline L. Balikowski

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

1 of 1

INDEX NO. 805108/2025
RECEIVED NYSCEF: 04/09/2025

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

| | | |
|---|---|---|
| DORIAN COOPER | | |
| | Plaintiff(s) | **AFFIRMATION OF SERVICE** |
| - against - | | SUITABLE AGE PERSON |
| CITY OF BUFFALO, ET AL. | | |
| | Defendant(s) | Index #: 805108/2025 |

Our Job #: 7077894



**CHRISTOPHER HARPER**, hereby subscribes and affirms that: I am over the age of 18 years, not a party to this action, and reside in the State of New York.

On **Thursday, April 03, 2025** at **1:51 PM** at **68 COURT ST, BUFFALO, NY 14202**

I served the within **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE)**, bearing Index # 805108/2025

On **CITY OF BUFFALO POLICE OFFICER JOSEPH MELI, INDIVIDUALLY AND IN OFFICIAL CAPACITY** in the following manner:

**SUITABLE AGE PERSON:** By personally delivering a true copy the documents to **Jacqueline Betts, Report Technician (CO-WORKER)**, a person of suitable age and discretion who confirmed that this was the place of employment/usual place of business of **CITY OF BUFFALO POLICE OFFICER JOSEPH MELI, INDIVIDUALLY AND IN OFFICIAL CAPACITY**.

Approximate Description of Person Documents Were Left With:
Sex: **Female**, Skin/Race: **Black or African American**, Hair Color: **Black**, Age: **45-55**, Height: **5ft 4in - 5ft 8in**, Weight: **175-200**

**Military Status:** I asked the person the documents were left with if Defendant(s) was in the military service whatsoever but the party served did not have knowledge sufficient enough to provide an answer.

Pursuant to NY CPLR 2106-I affirm on 3rd day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____
**CHRISTOPHER HARPER**
Process Server

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

1 of 1

Supreme Court of The State of New York          Penberthy Law Group, LLP
County of Erie                                  227 Niagara St.
                                                Buffalo, NY 14201

| | | |
|---|---|---|
| **DORIAN COOPER** | Plaintiff(s) | **AFFIRMATION OF MAILING** |
| - against - | | |
| **CITY OF BUFFALO, ET AL.** | Defendant(s) | Index #: **805108/2025** |

Our Job #: 7077896

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE)**

On **04/03/2025**, I completed service by mailing a true copy of the documents in a sealed postage paid envelope, bearing the legend "Personal and Confidential" and not indicating on the outside thereof that the communication is from an attorney or concerns an action against the person to be served, properly addressed to **CITY OF BUFFALO POLICE OFFICER ADAM O'SHEI, INDIVIDUALLY AND IN OFFICIAL CAPACITY** at: **68 COURT ST, BUFFALO, NY 14202** by USPS First Class Mail.

Pursuant to NY CPLR 2106-I affirm on 3rd day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
**Jacqueline L. Balikowski**

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

1 of 1

FILED: ERIE COUNTY CLERK 04/09/2025 12:44 PM
NYSCEF DOC. NO. 11

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

DORIAN COOPER

Plaintiff(s)

- against -

CITY OF BUFFALO, ET AL.

Defendant(s)

**AFFIRMATION OF SERVICE**
SUITABLE AGE PERSON

Index #: 805108/2025

Our Job #: 7077896



**CHRISTOPHER HARPER**, hereby subscribes and affirms that: I am over the age of 18 years, not a party to this action, and reside in the State of New York.

On **Thursday, April 03, 2025 at 1:51 PM** at **68 COURT ST, BUFFALO, NY 14202**

I served the within **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE)**, bearing Index # **805108/2025**

On **CITY OF BUFFALO POLICE OFFICER ADAM O'SHEI, INDIVIDUALLY AND IN OFFICIAL CAPACITY** in the following manner:

**SUITABLE AGE PERSON:** By personally delivering a true copy the documents to **Jacqueline Betts, Report Technician (CO-WORKER)**, a person of suitable age and discretion who confirmed that this was the place of employment/usual place of business of **CITY OF BUFFALO POLICE OFFICER ADAM O'SHEI, INDIVIDUALLY AND IN OFFICIAL CAPACITY.**

Approximate Description of Person Documents Were Left With:
Sex: **Female**, Skin/Race: **Black or African American**, Hair Color: **Black**, Age: **45-55**, Height: **5ft 4in - 5ft 8in**, Weight: **175-200**

**Military Status:** I asked the person the documents were left with if Defendant(s) was in the military service whatsoever but the party served did not have knowledge sufficient enough to provide an answer.

Pursuant to NY CPLR 2106-I affirm on 3rd day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X_____
**CHRISTOPHER HARPER**
Process Server

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

**Supreme Court of The State of New York**
**County of Erie**

**Penberthy Law Group, LLP**
227 Niagara St.
Buffalo, NY 14201

| | | |
|---|---|---|
| **DORIAN COOPER** | Plaintiff(s) | **AFFIRMATION OF MAILING** |
| - against - | | |
| **CITY OF BUFFALO, ET AL.** | Defendant(s) | Index #: **805108/2025** |

Our Job #: 7077897

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE)**

On **04/03/2025**, I completed service by mailing a true copy of the documents in a sealed postage paid envelope, bearing the legend "Personal and Confidential" and not indicating on the outside thereof that the communication is from an attorney or concerns an action against the person to be served, properly addressed to **CITY OF BUFFALO POLICE OFFICER COURTNEY TRIPP, INDIVIDUALLY AND IN OFFICIAL CAPACITY** at: **68 COURT ST, BUFFALO, NY 14202** by USPS First Class Mail.

Pursuant to NY CPLR 2106-I affirm on 3rd day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
**Jacqueline L. Balikowski**

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com



# CITY OF BUFFALO

## DEPARTMENT OF LAW

# EXHIBIT

# C

**STATE OF NEW YORK**
**SUPREME COURT : COUNTY OF ERIE**

**DORIAN COOPER**
**and LAMAR BRAZZLE**

|  |  |  |
|---|---|---|
| | Plaintiffs, | **ANSWER** |
| vs. | | **Index No.: 805108/2025** |
| **CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICER AHMED ABDO; CITY OF BUFFALO POLICE OFFICER JOSEPH MELI; CITY OF BUFFALO POLICE OFFICER VINCENT JUDGE; CITY OF BUFFALO POLICE OFFICER ADAM O'SHEI; CITY OF BUFFALO POLICE OFFICER COURTNEY TRIPP;** | | **DEFENDANTS DEMAND A JURY TRIAL** |
| | Defendants. | |

Defendants allege the following for their Answer to Plaintiffs' Complaint, upon information and belief:

1.      Admit the allegations in paragraph 4.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, 18, 19, 21, 23, 24, 25, 26, 27, 29, 30, 32, 34, 36, 37, 38, 41, 42, 43, 46, 47, 48, 49, 51, 54, 56, 57, 58, 61, 62, 65, 66, 68, 69, 70, and 71.

3.       Deny the allegations in paragraphs 12, 13, 20, 22, 28, 31, 33, 35, 39, 40, 44, 45, 50, 52, 53, 55, 59, 60, 63, 64, and 67.

4.      Deny each and every allegation of the Complaint not hereinbefore specifically admitted, denied or otherwise controverted.

Case 1:25-cv-00395-LJV    Document 1    Filed 05/05/25    Page 35 of 38

### AS AND FOR A FIRST DEFENSE

5.    Plaintiff may have failed to mitigate their damages.

### AS AND FOR A SECOND DEFENSE

6.    Plaintiff may be barred from any recovery for injuries resulting from activity in which they assumed the risks associated with the activity in which they were engaged in at the time.

### AS AND FOR A THIRD DEFENSE

7.    The Complaint is barred, in whole or in part, for failure to comply with a condition precedent to commencement of an action against the Defendants as required by Article Four of the New York State General Municipal Law.

### AS AND FOR A FOURTH DEFENSE

8.    Plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A FIFTH DEFENSE

9.    That the damages and/or injuries alleged in the Complaint may have been caused in whole or in part or were contributed to by the culpable conduct, provocation or want of care and assumption of risk on the part of Plaintiff or other third parties not in the control of the Defendants.

### AS AND FOR A SIXTH DEFENSE

10.    The Complaint, in whole or in part, fails to state a cause of action.

2

### AS AND FOR A SEVENTH DEFENSE

11.     Upon information and belief, the Court lacks jurisdiction over one or more of the alleged Defendants.

### AS AND FOR AN EIGHTH DEFENSE

12.     The damages alleged in the Complaint are attributable to the culpable conduct of others over whom the Defendants neither had, nor exercised any control.

### AS AND FOR A NINTH DEFENSE

13.     Upon information and belief, no special relationship existed between the Plaintiff and the Defendants which would create a special duty to the Plaintiff.

### AS AND FOR A TENTH DEFENSE

14.     Upon information and belief, the Complaint is barred, in whole or in part, upon the grounds of any sovereign, governmental, or qualified immunity available to municipalities in tort actions in the State of New York.

### AS AND FOR AN ELEVENTH DEFENSE

15.     Any force used by the Defendants was reasonable, necessary and justified under the circumstances.

### AS AND FOR A TWELFTH DEFENSE

16.     In the event of any award against Defendants, whether by judgment or settlement, the Defendants will request an apportionment of fault be made by the Court or

jury as to all responsible parties, and the Defendants will further request a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

### AS AND FOR A THIRTEENTH DEFENSE

17.    Plaintiff's arrest was supported by probable cause.

### AS AND FOR A FORTEENTH DEFENSE

18.    Plaintiff's arrest was supported by "arguable probable cause".

### AS AND FOR A FIFTEENTH DEFENSE

19.    Upon information and belief, Plaintiff's complaint is barred, in whole or in part, by the Plaintiff's failure to obtain personal jurisdiction based upon insufficient and/or improper service of process on one or more of the Defendants.

### AS AND FOR A SIXTEENTH DEFENSE

20.    Plaintiffs may lack standing to assert one or more of the alleged claims.

### AS AND FOR A SEVENTEENTH DEFENSE

21.    Upon information and belief, the complaint is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR AN EIGHTEENTH DEFENSE

22.    The plaintiff may have willingly submitted to being detained and questioned.

4

**WHEREFORE**, the Defendants demand that the Plaintiffs' Complaint herein be dismissed, and for such other and further relief as this Court may deem just and proper, together with costs and disbursements of this action.

Dated: May 2, 2025
      Buffalo, New York

                           CAVETTE A. CHAMBERS, ESQ.
                           Corporation Counsel

                           */s/ Robert E. Quinn*
                           By:  Robert E. Quinn
                           Assistant Corporation Counsel
                           1103 City Hall – 65 Niagara Sq.
                           Buffalo, New York  14202

5